**UNITED STATES of America,**
**Appellee,**

v.

**Carpeah R. NYENEKOR, Sr.,**
**Defendant–Appellant.**

**No. 14–1939.**

United States Court of Appeals,
Second Circuit.

June 5, 2015.

Scott Hartman, Margaret Garnett, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Ryan Thomas Truskoski, Harwinton, CT, for Defendant–Appellant.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, and SUSAN L. CARNEY, Circuit Judges.

**SUMMARY ORDER**

Defendant–Appellant Carpeah R. Nyenekor, Sr., appeals from an order entered on May 28, 2014, in the United States District Court for the Southern District of New York, finding that Nyenekor was suffering from a mental disease or defect that rendered him mentally incompetent to assist in his defense and, thus, incompetent to stand trial.

To be considered competent, a defendant must have "(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and (2) a rational as well as factual understanding of the proceedings against him." *United States v. Nichols,* 56 F.3d 403, 410 (2d Cir.1995) (internal quotation marks omitted). In making a competency determination, the district court may rely on medical opinions, its observation of the defendant's behavior, and other factors. *See id.* at 411.

We review a district court's competency determination for clear error. *See United States v. Morrison,* 153 F.3d 34, 46 (2d Cir.1998). We identify no clear error here. The district court's determination was based on (1) the report and testimony of a staff psychologist at the Metropolitan Correction Center who had interviewed Nyenekor on several occasions and had concluded that he was unable to assist in his own defense; (2) the report of a forensic psychologist identified by Nyenekor, who concluded that Nyenekor was mentally impaired, although, in that doctor's opinion, competent to stand trial; (3) Nyenekor's own testimony at the competency hearing; and (4) the court's observation of Nyenekor at the competency hearing and in other proceedings. This evidence supported the district court's finding that Nyenekor lacked the ability to "consult with his lawyer with a reasonable degree

**60**

of rational understanding" and a "rational ... understanding of the proceedings against him." *Nichols*, 56 F.3d at 410.

We have considered all of Nyenekor's arguments, including those raised in his pro se brief, and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.